**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| **Plaintiff,**    ) | |
| )  | **CRIMINAL ACTION** |
| v.    ) | |
| )  | **No. 12-20115-01-KHV** |
| JAMES BENIMON, II,    ) | |
| )  | |
| **Defendant.**    ) | |
| ) | |

**MEMORANDUM AND ORDER**

On October 2, 2019, the Court revoked defendant's term of supervised release and sentenced him to 12 months in prison. This matter is before the Court on defendant's pro se letter (Doc. #85) filed June 8, 2020, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On June 22, 2020, the Office of the Federal Public Defender notified the Court and government counsel that it does not intend to enter an appearance to represent defendant in this matter. For reasons stated below, the Court dismisses defendant's motion for compassionate release for lack of jurisdiction.

**Factual Background**

Defendant currently is confined at USP Leavenworth, a Bureau of Prisons ("BOP") facility in Leavenworth, Kansas. As of June 24, 2020, no inmates and five staff members had tested positive for Coronavirus Disease-2019 ("COVID-19"). See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed June 25, 2020). All five staff members have recovered. See id.

Defendant states that because of sickle cell anemia, he is at high risk of contracting COVID-19 or suffering severe illness if he contracts the disease. Defendant asks the Court to

reduce his prison term to nine months.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).  Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

**I.       Jurisdiction To Grant Relief Under 18 U.S.C. § 3582(c)(1)(A)(i)**

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), after considering the applicable factors set forth in Section 3553(a), the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.  See United States v. Read-Forbes, No. 12-20099-01-KHV,

2020 WL 1888856, at *3–5 (D. Kan. Apr. 16, 2020).  Defendant's motion does not address whether he has asked the warden to recommend that the BOP file a motion for compassionate release.  Because defendant has not alleged that he exhausted administrative remedies or that 30 days have elapsed since he submitted a request for relief to the warden, the Court lacks jurisdiction to grant relief under Section 3582(c)(1)(A).

Even if the Court construed the administrative exhaustion requirement of Section 3582(c)(1)(A) as a claims-processing rule rather than a jurisdictional limitation, the statutory rule would still bar defendant's motion at this time.  See Read-Forbes, 2020 WL 1888856, at *4.  In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.  Malouf v. Sec. & Exch. Comm'n, 933 F.3d 1248, 1256 (10th Cir. 2019), cert. denied, 2020 WL 1124531 (U.S. Mar. 9, 2020); see Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).  The COVID-19 pandemic is no exception.  See United States v. Alam, No. 20-1298, 2020 WL 2845694, at *2–5 (6th Cir. June 2, 2020) (enforcing mandatory exhaustion requirement despite seriousness of COVID-19 and its spread in prisons); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (despite COVID-19 pandemic, failure to exhaust presents "glaring roadblock" foreclosing compassionate release at this point).

Whether the exhaustion requirement is jurisdictional or a claims-processing rule, sound policy reasons support the requirement that defendant must first present to the BOP his request for a reduced sentence.  The exhaustion requirement helps prevent premature claims and ensures that

the agency possessed with the most expertise be given first shot at resolving defendant's request. See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 431 (10th Cir. 2011).  Because defendant is in BOP custody, the BOP is in a better position to initially determine his medical needs, his specific risk of COVID-19 and the risk to inmates generally at USP Leavenworth, the risk to the public if he is released and whether his release plan is adequate.  See United States v. Epstein, No. CR 14-287-FLW, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020); see also Alam, 2020 WL 2845694, at *4 (preventing prisoners seeking relief because of COVID-19 from charging straight to federal court helps prison administrators prioritize most urgent claims and ensure that they can investigate gravity of conditions supporting compassionate release and likelihood that conditions will persist); United States v. Dickson, No. 19-CR-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (BOP better positioned to understand inmate health and circumstances relative to entire prison population and identify extraordinary and compelling reasons for release). Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2).

In sum, because defendant has not shown that he has exhausted administrative remedies or that 30 days have passed since the warden received his request for the BOP to file a motion for relief, the Court lacks jurisdiction under Section 3582(c)(1)(A).

## II.     BOP Authority Under The CARES Act

Defendant potentially could seek home confinement *from the BOP* under the recently-enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136 (enacted March 27, 2020).  The BOP may "place a prisoner in home confinement for the shorter

of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2). Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger group of prisoners. See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision. See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP). Defendant should address any such request, including a proposed placement plan, to his case manager at USP Leavenworth.

**IT IS THEREFORE ORDERED** that defendant's pro se letter (Doc. #85) filed June 8, 2020, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), is **DISMISSED for lack of jurisdiction**.

Dated this 25th day of June, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge